UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORGE MORALES,<br><br>　　　　　　　　　Plaintiff<br><br>　v.<br><br>E.K. MCDANIEL., *et al.*,<br><br>　　　　　　　　　Defendants | Case No. 3:17-CV-00197-MMD-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is plaintiff Jorge Morales' ("Morales") First Amended Complaint ("FAC"). (ECF No. 21.) The Court now re-screens Morales' FAC pursuant to 28 U.S.C. § 1915A to address defendant State of Nevada individually and recommends that the State of Nevada be dismissed with prejudice.

I.　　**LEGAL STANDARD**

Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1

standard when reviewing the adequacy of a complaint under § 1915. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) or fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).

## II. DISCUSSION & ANALYSIS

Morales is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Northern Nevada Correction Center in Carson City, Nevada. However, the events that gave rise to this complaint occurred at Lovelock Correction Center ("LCC"). (ECF No. 21.) Morales submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, 1-1.) On April 2, 2018, the Court screened Morales' complaint and determined that the First Amendment Free Exercise claim, the Fourteenth Amendment Equal Protection claim, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim, and the Nevada State Law claims could proceed, while the Religious Freedom Restoration Act claim was dismissed with prejudice. (ECF No. 4.)

Morales then submitted a FAC which reiterates the claims he was permitted to proceed on from his original complaint. The FAC, however, also adds eight new defendants and two new claims. (ECF No. 21.) In the FAC, Morales sues E. K. McDaniel, William Sandie, Tara Carpenter, Mark Sorci, James Dzurenda, Brian Sandoval, Barbara Cegavske, James Stogner, Jane/John Doe #1, Jane/John Doe #2, Jane/John Doe #3, and the State of Nevada. (*Id.*) Morales alleges a First Amendment Free Exercise claim, a First Amendment Equal Protection claim, a RLUIPA claim, a First Amendment retaliation claim, and three State law claims, and seeks declaratory, injunctive, and monetary relief. (*Id.*)

The gravamen of Morales' complaint is his displeasure with Administrative Regulation ("AR") 810, which he claims is discriminatory and biased by only allowing certain privileges to Native Americans. (*Id.,* at 10.) Morales claims that various

Defendants played a role in drafting, establishing, and enforcing AR 810, and that there is no penological interest or purpose in providing certain privileges to Native Americans while disallowing them to individuals of other religions, such as his own Wiccan faith. (*Id.*) Morales also alleges that he had religious property confiscated and subsequently returned, only to have it confiscated again by the same defendant as retaliation for filing grievances. (*Id.*)

Although the court properly screened plaintiff's FAC and briefly mentioned defendant State of Nevada it did not screen the State of Nevada separately as a defendant in the screening order (ECF No. 22). The Court recommends dismissal with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983). Plaintiff can neither raise 42 U.S.C. § 1983 claims nor state law claims against the State of Nevada based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign

immunity for supplemental state law claims." *Stanley v. Trustees of California State Univ.*n , 433 F.3d 1129, 1133-34 (9th Cir. 2006).

### III. CONCLUSION

Based on the foregoing, the court recommends that defendant State of Nevada be dismissed with prejudice. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant State of Nevada be **DISMISSED with prejudice**.

DATED: June 10, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**