1  AARON D. FORD
     Attorney General
2  DOUGLAS R. RANDS, Bar No. 3572
     Senior Deputy Attorney General
3  State of Nevada
   Public Safety Division
4  100 N. Carson Street
   Carson City, Nevada 89701-4717
5  Tel: (775) 684-1150
   E-mail: drands@ag.nv.gov
6
   *Attorneys for Defendants*
7  *Tara Carpenter, Barbara Cegavske, James Dzurenda,*
   *E.K. McDaniel, William Sandie, Brian Sandoval,*
8  *Mark Sorci, and James Stogner*
9
10              **UNITED STATES DISTRICT COURT**
11                  **DISTRICT OF NEVADA**
12  JORGE MORALES,
                                        Case No.  3:17-cv-00197-MMD-CBC
13                     Plaintiff,
                                        **MOTION FOR ENLARGEMENT OF TIME**
14  v.                                  **TO FILE DISPOSITIVE MOTIONS**
15  E.K. MCDANIEL, et al.,
16                     Defendants.

17      Defendants, Tara Carpenter, Barbara Cegavske, James Dzurenda, Brian Sandoval, Mark Sorci,

18  and James Stogner, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada,

19  and Robert W. DeLong, Deputy Attorney General, hereby move this Honorable Court for an

20  enlargement of time of thirty (30) days, or up to and including Thursday, October 31, 2019, to file their

21  motion for summary judgment.

22      This motion is based on the following Memorandum of Points and Authorities and the papers

23  and pleadings on file herein

24              **MEMORANDUM OF PONTS AND AUTHORITIES**

25  **I.    INTRODUCTION**

26      This case is a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983. (ECF No. 21 at 1.) Plaintiff,

27  Jorge Morales (Plaintiff), was an inmate in the lawful custody of the Nevada Department of Corrections

28  (NDOC). (*Id.*) Plaintiff alleges Defendants violated his rights under the First and Fourteenth

Amendments to the U.S. Constitution, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (ECF No. 21.)

According to this Court's Scheduling Order, motions for summary judgment are due, October 2, 2019. (ECF No. 25 at 3:27 – 4:1.)   Defendants' former counsel, Robert DeLong is no longer representing defendants in this matter.   Defendants are now represented by Douglas R. Rands. Furthermore, multiple attorneys in the Bureau of Litigation, Public Safety Division, have recently left the division, and new attorneys, have only recently started with the Division.   The Public Safety Division was severely short-staffed for time. Defense counsel is now dealing with the issues arising out of that transition, and has three Motions for Summary judgment due this week, including two on October 2, 2019. In order to properly and fully represent the various Defendants, Counsel respectfully requests this extension of time to file a Motion for Summary Judgment in this matter.

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' request is timely and will not hinder or prejudice Plaintiff's case, but will allow for a thorough briefing to narrow or eliminate issues in this case.  The requested thirty (30) day extension of time should permit the parties' time to adequately research draft, and submit dispositive motions in this case.  Defendants assert that the requisite good cause is present to warrant the requested extension of time.

For these reasons, Defendants respectfully request a thirty (30) day extension of time from the current deadline to file dispositive motions in this case, with a new deadline to and including Thursday, October 31, 2019.

## II.    DISCUSSION

### A.    Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan,* 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B.     Good Cause Exists to Enlarge the Time for Defendants to Respond.**

Here, Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. Good cause exists to enlarge Defendants' time to move for summary judgment based on their counsel's current workload and recent employment with the Division.

Good cause exists to enlarge Defendants' time to move for summary judgment by thirty (30) days, because former counsel, Robert DeLong, is no longer representing defendants in this matter. Additionally, due to the additional case load, multiple dispositive motions are due this week. Therefore, additional time is requested.

Defendants request this enlargement of time in good faith, not for the purpose of unnecessary delay, and they do not anticipate any unfair prejudice to Plaintiff if this motion is granted.

/ / /

/ / /

/ / /

/ / /

1

### III.   CONCLUSION

2    Based on the foregoing, Defendants respectfully request that this Honorable Court grant their

3 motion and allow them an additional thirty (30) days, or up to and including Thursday, October 31,

4 2019, to file their motion for summary judgment.

5    DATED this 1st day of October, 2019.

6                                             AARON D. FORD
                                              Attorney General
7

8                                             By: _____
9                                                 DOUGLAS R. RANDS, Bar No. 3572
                                                  Senior Deputy Attorney General
10
                                              *Attorneys for Defendants*
11

12                                            IT IS SO ORDERED

13

14                                            _____
                                              U.S. MAGISTRATE JUDGE
15                                            DATED 10/3/2019

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 1st day of October, 2019, I caused to be deposited for mailing in the U.S. Mail a copy of the foregoing, **MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSITIVE MOTIONS**, to the following:

Jorge Morales
c/o Charlene Bernard
4879 Tierra Verda
Las Vegas, NV 89122


An employee of the
Office of the Attorney General

5