UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JORGE MORALES,

                              Plaintiff,

        v.

E.K. MCDANIEL, *et al.*,

                              Defendants.

Case No. 3:17-cv-00197-MMD-CLB

ORDER

This action began with a *pro se* civil rights complaint Plaintiff Jorge Morales, a state prisoner, filed under 42 U.S.C. § 1983. On December 13, 2019, this Court issued an order directing Morales to file his updated address with the Court by January 3, 2020. (ECF No. 40.) That date has long passed, and Morales has not filed his updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

///

1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Defendants filed a motion for summary judgment which has been pending since October 31, 2019 (ECF No. 35), but Morales has not responded. The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Morales to file his updated address with the Court expressly stated: "Plaintiff is advised that pursuant to LR IA 3-1, he must immediately file with the court written notification of any change of address. Failure to comply with this rule may result in dismissal of this action. Plaintiff shall have until **Friday, January 3, 2020** to file a notice of change of address . . .." (ECF No. 40.) Thus, Morales had adequate warning that dismissal was likely if he did not comply with the Court's order to file his updated address by January 3, 2020.

///

///

1        It is therefore ordered that this action is dismissed without prejudice based on

2    Morales's failure to file an updated address in compliance with this Court's December 13,

3    2019 order.

4        It is further ordered that Defendants' motion for summary judgment (ECF No. 35)

5    is denied as moot.

6        It is further ordered that the Clerk of Court enter judgment accordingly and close

7    this case.

8        DATED THIS 28th day of January 2020.

9

10

11   _____
     MIRANDA M. DU
12   CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28